

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00220-CR

---

ALLEN LEE BELL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 106th District Court
Garza County, Texas
Trial Court No. 21-3714, Honorable Reed A. Filley, Presiding

---

May 10, 2023

## ORDER OF ABATEMENT AND REMAND

Before PARKER and DOSS and YARBROUGH, JJ.

In 2021, Appellant, Allen Lee Bell, was placed on deferred adjudication community supervision for failure to appear in court.[1]  The trial court later adjudicated Appellant guilty of the offense and sentenced him to ten years' confinement.  Appellant now appeals from the judgment adjudicating guilt.  However, the trial court's certification of Appellant's right of appeal provides conflicting certifications.  *See* TEX. R. APP. P. 25.2(a)(2), (d); *Dears v.*

---

[1] *See* TEX. PENAL CODE ANN. § 38.10.

*State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005) (requiring appellate courts to determine whether a certification comports with the record). The document indicates that this "is not a not a plea-bargain case, and the defendant has the right of appeal," but also provides that this "is a plea-bargain case, and the defendant has NO right of appeal" and that "defendant has waived the right of appeal."

Because the certification of Appellant's right of appeal appears defective, we abate the appeal and remand the cause to the trial court to prepare an amended certification consistent with the record. *See* TEX. R. APP. P. 25.2(d), (f); *see also Hargesheimer v. State*, 182 S.W.3d 906, 913 (Tex. Crim. App. 2006) (concerning the defendant's right to appeal from the proceeding on a motion to adjudicate guilt). The amended certification shall be included in a supplemental clerk's record filed with the Clerk of this Court by May 22, 2023.

It is so ordered.

Per Curiam

Do not publish.